IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUNICE HUSBAND, | : | Civil No. 3:15-cv-464 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| DAVID J. EBBERT, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Eunice Husband ("Husband"), an inmate currently confined at the United States Penitentiary, in Lewisburg, Pennsylvania ("USP-Lewisburg"). (Doc. 1). Named as the Respondent is David J. Ebbert, Warden of USP-Lewisburg. Husband claims that his due process rights were violated in the context of a prison disciplinary hearing. Husband also challenges his conditions of confinement and alleges that he received an improper cell assignment. The petition is ripe for disposition and, for the reasons that follow, will be denied.

I.  **Background**

On August 1, 2013, Husband was charged in incident report number 2475148 with fighting with another person and refusing an order, in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code sections 201 and 307. (Doc. 8-1, pp. 11-12). A disciplinary hearing was held and the disciplinary hearing officer ("DHO") ultimately found that Husband

committed the prohibited act of fighting with another person and sanctioned him with a loss of 27 days of good conduct time, 30 days of disciplinary segregation, and 90 days loss of commissary, telephone and visiting privileges. (Doc. 8-1, p. 28).

The instant petition was filed on March 9, 2015. (Doc. 1). In the petition, Husband argues that the DHO was biased and he alleges that he was improperly assigned to a cell with an inmate from the District of Columbia. (*Id.* at pp. 6-7). For relief, Husband requests "1.) a permanent restraining order from A. Jordan (DHO), 2.) that A. Jordan be disallowed to conduct any and all future Disciplinary Hearings concerning petitioner, 3.) this disciplinary action by the DHO be overturned and expunged, 4.) that my good conduct time be restored, [and] 5.) that all other Disciplinary Hearings with findings and conclusions of guilty by A. Jordan concerning petitioner be overturned, expunged, and good conduct time restored in each action." (*Id.* at p. 8).

## II. Discussion

### A. Conditions of Confinement Claim

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was

2

the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that, in addition to challenging the disciplinary hearing, Husband alleges that he was improperly assigned to a cell with a District of Columbia inmate. To the extent that Husband attempts to allege a conditions of confinement claim, this claim is not cognizable in a habeas corpus action. This claim does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Because Husband is seeking relief based on the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, this claim will be dismissed without prejudice to any right Husband may have to reassert this claim in a properly filed civil rights complaint.[1]

---

[1] In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Husband may file based upon the facts asserted herein.

### B. Disciplinary Hearing Claim

Respondent argues that the petition should be denied because Husband was afforded all of his procedural rights, and "some evidence" supports the finding of the disciplinary hearing officer regarding incident report number 2475148. (Doc. 8, pp. 9-18).

As stated, on August 1, 2013, Husband was served with incident report number 2475148 charging him with a code 201 violation for fighting with another person, and a code 307 violation for refusing an order. (Doc. 8-1, p. 11). The incident report describes the incident as follows:

> On the above date and time [August 1, 2013, 3:27 p.m.] this officer approached cell 206 of G-Block and observed I/M's Wise #11356-007 and Husband #11522-026 exchanging closed fists to the head and upper torso. I gave both I/M[]s multiple direct orders to cease their actions which they did not comply with. I then administered a two second burst with the MK4 with negative results. I gave more direct orders to cease their actions which they did not comply with. I then administered another two second burst with the MK4 with positive results and both I/M[]s submitted to hand restraints and were taken to the second floor shower for medical assessments and decontamination.

(Doc. 8-1, p. 11, Incident Report).

On August 1, 2013, the investigating lieutenant gave Husband advanced written notice of the charges against him. (*Id.* at ¶¶ 14-16). During the investigation, Husband was advised of his right to remain silent, and he indicated that he understood his rights. (*Id.* at ¶¶ 23-24). Husband "[d]ecided to practice his right to remain silent," and did not request any witnesses. (*Id.* at ¶¶ 24-25). At the conclusion of the investigation, the lieutenant

believed that the incident report was factual and warranted, and he referred the incident report to the Unit Discipline Committee ("UDC"). (*Id.* at ¶ 29).

On August 2, 2013, Husband appeared before the UDC. (*Id.* at ¶¶ 17-21). Husband had "no comment" about the incident. (*Id.* at ¶ 17). After the hearing, the UDC referred the charge to the DHO due to the seriousness of the offense, and recommended that sanctions be imposed if Husband was found guilty. (*Id.* at ¶ 20).

On August 2, 2013, a staff member provided Husband with a copy of the "Inmate Rights at Discipline Hearing" form and "Notice of Discipline Hearing before the Discipline Hearing Officer (DHO)" form. (Doc. 8-1, pp. 13-14). Husband refused to sign for his copies of the forms, he did not request a staff representative, and did not request to call any witnesses. (*Id.*).

On August 12, 2013, Husband appeared for a hearing before DHO A. Jordan. (Doc. 8-1, pp. 26-28, DHO Report). During the August 12, 2013 DHO hearing, the DHO confirmed that Husband received advanced written notice of the charges on August 2, 2013, and that he had been advised of his rights before the DHO on August 2, 2013. (*Id.* at p. 26). Husband waived his right to a staff representative and did not request to call any witnesses. (*Id.* at pp. 26-27). Husband made the following statement regarding the charges:

> Inmate Husband testified that he had "no comment" to make regarding Section 11 of the incident report. The DHO asked inmate Husband whether

he wished to admit or deny committing the prohibited acts charged in Sections 9, 10 and 11 of the incident report. Inmate Husband again stated that he had "no comment" to make regarding Sections 9, 10, and 11 of the incident report. Inmate Husband made no complaints of procedural errors during the hearing.

(*Id.* at p. 26).

Based on the evidence presented at the hearing, the DHO found that Husband committed the prohibited act of fighting with another person. (*Id.* at pp. 27-28). In arriving at this conclusion, he stated the following:

> The DHO relied on the written report of Officer R. Buff, wherein he reports on 08-01-2013 at 3:27 pm, he approached cell 206 of G Block and observed you and Wise 11356-007 exchanging closed fists to the head and upper torso. He gave both inmates multiple direct orders to cease their actions which they did not comply with. He then administered a two second burst with the MK4 with negative results. He gave more direct orders to cease their actions which they did not comply with. He then administered another two second burst with the MK4 with positive results and both inmates submitted to hand restraints and were taken to the second floor shower for medical assessments and decontamination.
>
> The DHO also relied on the aforementioned documentary evidence to include a memorandum from a staff eyewitness, injury assessments, and photographs which provide corroborating evidence you committed the prohibited act in this case.
>
> This finding is further based on the fact that you declined to comment at the DHO hearing, declined to make any statement of any sort, and did not provide the DHO with any documentary evidence to review. These facts provide an adverse inference that you committed the prohibited act as charged. The DHO has determined that if you believed you did not commit the prohibited act as charged, you would have presented some sort of defense.

(*Id.* at pp. 27-28).

In addition to the incident report and investigation, the DHO considered the following documentary evidence: (1) Memorandum of C. Brininger, dated August 1, 2013, which contained corroborating eyewitness testimony, (2) BOP Health Services Clinical Encounter, dated August 1, 2013, documenting the inmates' injuries; and (3) photographs of inmates Husband and Wise documenting their visual injuries after the incident. (*Id.* at p. 27).

After consideration of the evidence, the DHO found Husband violated code 201, fighting with another person, of the Inmate Discipline Policy. (*Id.* at p. 28). As such, the DHO sanctioned him with a loss of 27 days of good conduct time, 30 days of disciplinary segregation, and 90 days loss of commissary, telephone, and visiting privileges. (*Id.*). The DHO documented his reasons for the sanctions given as follows:

> Fighting in a correctional institution inherently jeopardizes the security and good order of the institution. The rationale for the sanctions imposed in this case, therefore, is to punish the inmate for his misconduct, which is viewed as having an adverse effect on the security and orderly operation of the institution, as well as to deter future misconduct. Disciplinary segregation is imposed as punishment for the misconduct. Disallowed Good Conduct Time is imposed to demonstrate that engaging in misconduct will prolong inmate Husband's period of incarceration. Loss of commissary, telephone and visiting privileges are imposed to demonstrate that engaging in misconduct will result in the loss of pleasurable privileges while incarcerated.

(*Id.*).

Husband was advised of his appeal rights at the conclusion of the hearing. (*Id.*).

Liberty interests protected by the Fifth Amendment may arise either from the Due

Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.* As Husband's sanctions did include the loss of good conduct time, he has identified a liberty interest in this matter.

When a DHO hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive the following due process protections: (1) written notice of the claimed violation at least twenty-four (24) hours in advance of the hearing; (2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or correctional goals; (3) aid in presenting a defense if the inmate is illiterate or the complexity of the case makes it unlikely that the inmate will be able to collect and present the necessary evidence for an adequate comprehension of the case; (4) an impartial tribunal; and (5) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. *See Wolff*, 418 U.S. at 564-572. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S.

445, 455-56 (1985); *see also Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. *Hill*, 472 U.S. at 457.

The Bureau of Prisons' inmate disciplinary procedures are codified at 28 C.F.R. § 541, *et seq.*, and entitled: *Inmate Discipline and Special Housing Units.* These procedures are intended to meet or exceed the due process requirements prescribed by the Supreme Court. *See Von Kahl v. Brennan*, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994). Pursuant to these regulations, staff shall prepare an incident report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. § 541.5. The incident is then referred to the UDC for an initial hearing pursuant to § 541.7. The UDC "will ordinarily review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays." 28 C.F.R. § 541.7(c). This period may be extended if the incident is being investigated for possible criminal prosecution. 28 C.F.R. § 541.4(c). If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. 28 C.F.R. § 541.7(f). If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing. 28 C.F.R. §§ 541.7(a), (g). The inmate will receive written notice of the

charge(s) against him at least twenty-four hours before the DHO's hearing, however the inmate may waive this requirement. 28 C.F.R. § 541.8(c). The inmate is entitled to have a staff representative, appear at the hearing, make a statement, present documentary evidence, and present witnesses. 28 C.F.R. §§ 541.8(d), (e), (f). Following the hearing, the inmate will receive a written copy of the DHO's decision. 28 C.F.R. § 541.8(h).

In the instant case, it is clear that Husband was afforded all of the required procedural rights set forth in *Wolff*. He received timely notice of the incident report. He was properly informed of his rights before the hearing, as well as given the opportunity to make his own statement, present documentary evidence, have a staff representative, and to present witnesses on his behalf. Husband also received a written decision setting forth the evidence relied upon by the DHO and the rationale behind the decision. Husband was then notified of his right to appeal.

In the habeas petition, Husband claims that DHO Jordan was not impartial. (Doc. 1, p. 7). He complains that he was found guilty of a code 201 violation for fighting with another person, but inmate Wise was found guilty of a code 298 violation for interfering with a staff member in the performance of duties. (*Id.*). The requirement of an impartial tribunal "prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary committee." *Meyers v.*

*Alldredge*, 492 F.2d 296, 306 (3d Cir. 1974). Husband presented no evidence that DHO Jordan was personally or substantially involved in the underlying investigation. Husband's "generalized critique[]" of the DHO's decision and impartiality is insufficient to demonstrate the degree of bias necessary to prove a due process violation. *Lasko v. Holt*, 334 F. App'x 474, 476 (3d Cir. 2009).

Since Husband was afforded all of his procedural rights, the only remaining issue is whether there was sufficient evidence to support the decision by the DHO. The record clearly reveals the existence of specific documentary evidence submitted at the hearing to allow the DHO to conclude that the greater weight of the evidence supported a finding of guilt. The DHO considered Husband's failure to make any statement regarding the incident, failure to provide any documentary evidence, and failure to present any defense to the charge. Additionally, the DHO considered the incident report, a staff memorandum that contained corroborating eyewitness testimony, a BOP Health Services Clinical Encounter documenting the inmates' injuries, and photographs of the inmates documenting their injuries after the incident. Based on the foregoing, the Court concludes that the evidence before the DHO was sufficient to support the outcome of the hearing and meets the requirements imposed by the Due Process Clause.

Finally, the Court finds that all sanctions imposed by the DHO were within the limits of 28 C.F.R. § 541, *et seq.* Husband was found guilty of a 200-level, high category

prohibited act. Pursuant to 28 C.F.R. § 541.3, the following are the sanctions available for 200-level offenses:

A. Recommend parole date rescission or retardation.
B. Forfeit and/or withhold earned statutory good time or non-vested good conduct time up to 50% or up to 60 days, whichever is less, and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended).
B.1 Disallow ordinarily between 25% and 50% (14-27 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
C. Disciplinary segregation (up to 6 months).
D. Make monetary restitution.
E. Monetary fine.
F. Loss of privileges (e.g., visiting, telephone, commissary, movies, recreation).
G. Change housing (quarters).
H. Remove from program and/or group activity.
I. Loss of job.
J. Impound inmate's personal property.
K. Confiscate contraband.
L. Restrict to quarters.
M. Extra duty.

28 C.F.R. § 541.3 (Table 1). Thus, the sanctions imposed by the DHO were consistent with the severity level of the prohibited act and within the maximum available to the DHO. Accordingly, the petition will be denied as to incident report number 2475148.

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied.

An appropriate Order will issue.

Date: October 17, 2016

_____
Robert D. Mariani
United States District Judge